## TARBET v. THORPE.

### No. 7.

District Court, W. D. Pennsylvania.

Oct. 25, 1938.

Hosbach & Gleeten, of Erie, Pa., for plaintiff.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This case comes to court on motion of defendant for a more specific statement of claim. The case originated in the Court of Common Pleas of Erie County, Pennsylvania, and was removed to this Court by reason of diversity of citizenship. The defendant's motion was filed August 9, 1938, and a rule to show cause was granted, which came on for argument since the effective date of the "Rules of Civil Procedure for the District Courts of the United States." We therefore construe de-

fendant's motion as a motion for a bill of particulars under the provisions of Rule 12(e) of those rules, 28 U.S.C.A. following section 723c, which provide for particulars of any matter which is not averred with sufficient definiteness or particularity to enable a defendant to prepare a responsive pleading or to prepare for trial.

We have examined the plaintiff's statement of claim (now called "Complaint" under the new rules), and find plaintiff is suing for damages alleged to have been suffered when his truck came into collision with defendant's automobile on U. S. Route No. 5 at an intersecting road, when plaintiff, in a careless and negligent manner, suddenly and abruptly changed his course and direction from an eastwardly to a northwardly direction on said Route No. 5 in an attempt to negotiate a left-hand turn into said intersecting road. Defendant, in his motion for particulars, asks for the exact location and position of the automobiles involved before and at the time of collision, the part of the plaintiff's automobile that was struck by defendant's automobile, the particular items of negligence complained of, and an itemized statement of damages claimed by reason of deprivation of use of his truck.

We are of the opinion that plaintiff's complaint is sufficiently specific in the particulars mentioned, and shall deny the motion. Defendant may file an answer within twenty days.

PER CURIAM.

Now, October 25, 1938, defendant's motion for a bill of particulars is denied, and defendant is allowed twenty days from the date hereof to file an answer herein.