## GRAHAM v. NEW YORK & CUBA MAIL S. S. CO., Inc., et al.
### No. 12.

District Court, E. D. New York.
Oct. 28, 1938.

Edwin C. Morsch, of Jamaica, L. I., N. Y., for plaintiff.

William Butler, of New York City, for defendant Turbine Engine Co., Inc.

MOSCOWITZ, District Judge.

This is a motion made by the defendant for a bill of particulars.

This action was brought by Doris Graham, as Administratrix of the goods, chattels and credits which were of her husband, Joseph Graham, deceased, to recover damages for his death as a result of an accident which occurred on the steamship Yucatan, on or about February 1, 1938.

This application is governed by Rule 12 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, as follows:

"12. * * * (e) Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. A bill of particulars becomes a part of the pleading which it supplements."

The defendant desires a bill of particulars covering the following items:

"1. Stating which winch or winches and what hoisting equipment plaintiff will claim were being used by the agents, servants and employees of this defendant, as alleged in paragraph 'Eleventh' of the complaint.

"2. Stating the acts or omissions of the agents, servants or employees of this defendant which plaintiff will claim were negligent in connection with the operation of the winches and hoisting equipment, as alleged in paragraph 'Seventeenth' of the complaint.

"3. State the name and ages of the next of kin of the deceased for whose benefit this action is brought.

"4. State the age of plaintiff's intestate at the time of his death and the amount of his earnings which will be claimed."

The action is not yet at issue, but that does not prevent the granting of the motion for a bill of particulars, as Rule 12 expressly provides for a bill of particulars prior to issue.

If plaintiff lacks knowledge of any of the particulars demanded, she may so state such lack of knowledge. Upon the argument of the motion plaintiff's counsel contended that the plaintiff did not possess sufficient knowledge to furnish the bill of particulars demanded. Under the new Federal Rules of Civil Procedure she is permitted wide latitude and may examine defendant's officers and witnesses before trial and thus, perhaps, obtain the necessary information. If the plaintiff cannot furnish the information as requested in the motion for a bill of particulars at the present time, she will be required to do so when she receives the necessary information, and in no event less than ten days prior to the trial of the action.

Motion for bill of particulars is granted.

Settle order on notice.