## UNLANDHERM v. PARK CONTRACT-ING CORPORATION et al.

District Court, S. D. New York.
Dec. 12, 1938.

Blair, Curtis, Dunne & Hayward, of New York City, (Daniel L. Morris, of New York City, of counsel), for plaintiff.

Jacob I. Goodstein, of New York City, (Jacob I. Goodstein and Sanford H. Cohen, both of New York City, of counsel), for defendant Park Contracting Corporation.

William C. Chanler, Corp. Counsel, of New York City (George H. Mitchell, of New York City, of counsel), for defendant City of New York.

CONGER, District Judge.

The plaintiff claims that he has a patent covering the method of supporting an elevated railroad while a subway is being constructed underneath the street.

He claims that in the building of the Sixth Avenue subway in the City of New York, the Park Contracting Corporation, with the approval and at the direction of the City of New York, supported the elevated railway structure in a manner and means which he claims is a violation of his patent.

He therefore sues the Park Contracting Corporation and the City of New York for an injunction, enjoining and restraining the defendants from infringing his patent, and also for an accounting and

assessment of damages. Both defendants have answered and among other things have set up a general denial, and deny that there is any infringement.

There are two motions here, which were argued together and are being decided together. Both have to do with examination of parties and witnesses. They will be taken up in the order in which the notices for examination were served.

The plaintiff first served, on October 6, 1938, a notice on the defendant, to examine Samuel R. Rosoff, President of the Park Contracting Corporation and Fred Stiefel, an employee of the Park Contracting Corporation, pursuant to Rule 26 of the Federal Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

The defendant Park Contracting Corporation moved in this Court to vacate the notice to take the said testimony or, in the alternative, to limit the examination.

On the 10th day of October, 1938, the defendant Park Contracting Corporation gave notice to the plaintiff of its intention to take the testimony of the plaintiff, John H. Unlandherm, and Walter Caccia, plaintiff's assignor.

The plaintiff has moved herein to vacate the taking of the testimony of the plaintiff and of the said Walter Caccia. Both motions came on to be heard together.

The defendant City of New York appeared on the argument of the motions and contended that the plaintiff should be limited in his examination. The motions will be taken up in the order in which the notices for examination were served, which brings up first the motion of the defendant to vacate or limit the examination asked for by the plaintiff herein.

The notice for examination, served on behalf of the plaintiff, is a general one and mentions no specific subjects for examination. However, upon the argument of the motion, it was agreed that the plaintiff seeks the examination upon the following subjects alone:

1. The method followed by Park Contracting Corporation, defendant, of supporting the elevated railroad and the street decking during excavation for and the building of the subway beneath the elevated railroad on 6th Avenue.

2. The succession of drawings that were submitted by defendant Park Contracting Corporation to the City of New York, relating to the supporting of the elevated structure and the street decking during the excavation for and the building of the subway beneath the elevated structure, including, not only the drawings on which the work actually proceeded, but also all drawings that were submitted and rejected prior to the acceptance of the ultimate drawings on which the work proceeded and the identity and location of persons having knowledge of the same.

3. The existence, description, nature, custody, condition of and the succession of drawings that were submitted by Rosoff-Brader Company to the City of New York relating to the supporting of the elevated structure and the street decking during the excavation for and the building of the subway beneath the elevated structure prior to the time that the ultimate drawings of the Park Contracting Corporation were accepted and approved by the City, and the identity and location of persons having knowledge of the same.

4. (a) The time saved by the Park Contracting Corporation in using the complained of method over methods previously used by subway contractors in supporting elevated structures and street deckings during the creation of a subway beneath the elevated structures; (b) the advantages, from the point of view of safety attributable to the complained of method used by Park Contracting Corporation; (c) the saving, measured in terms of money, attributed to the complained of method over previous methods of supporting the elevated structure, and the street decking during the creation of a subway therebeneath.

5. (a) When and where each of the individual, firms or corporations listed in paragraph XVII (sub. f) of the Answer of the defendant Park Contracting Corporation had knowledge of the inventions of the patents in suit, and of what that knowledge consisted, including a description and drawings of that of which each of the individuals, firms or corporations is alleged to have had knowledge; (b) the circumstances under which the alleged publications and drawings listed in paragraph XVII (sub. a) were published and distributed to the public and (c) the production of these alleged publications and drawings.

The question presented herein concerns the extent of the privilege of deposition-taking and the scope of the examination permitted thereunder. Rule 26(a) provides that: "* * * the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes."

Rule 26 (b) provides that: "* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, * * *."

The examination asked for comes clearly within the provisions of the above rules. These rules purport to provide a systematic and complete scheme on a very liberal basis, for discovery of various kinds before trial.

■ These rules were adopted with a view to simplifying the issues. To keep in step with the purpose and spirit underlying the adoption of these rules, it is better that liberality rather than restriction of interpretation be the guiding rule.

■ Under these rules, and in the light of the above principles, the plaintiff is entitled to the examination as follows:

Item 1—Allowed. (Consented to on the argument of the motion.)

Item 2—Allowed.

Item 3—Disallowed, for the reason that this item has to do with the Rosoff-Brader Company, not a defendant in this action and as far as can be ascertained from the papers submitted by both parties, not connected directly or indirectly with the defendant herein. The information asked for in Item 3 may be obtained in another way, but not on this application.

Item 4—Allowed, except Item 4 (c) which is disallowed because it relates to the question of damages. Items 4 (a) and (b) are allowed insofar as the information therein asked for may be within the knowledge of the persons asked to be examined.

Item 5—Allowed, insofar as the parties asked to be examined have the knowledge or information.

The examination asked for on behalf of the plaintiff is allowed as indicated above and the motion of the . defendant

Park Contracting Corporation, to vacate and limit herein, is denied as indicated above.

■ Second. The examination asked for on behalf of the defendant Park Contracting Corporation, of John H. Unlandherm, the plaintiff, and Walter Caccia, plaintiff's assignor, is allowed and the motion on behalf of the plaintiff to vacate the taking of the testimony of the said John H. Unlandherm and Walter Caccia is denied.

The examination asked for on behalf of the defendant is to be had first. The examination on behalf of the defendant is to be had within three days after. the completion thereof. Settle orders on notice.