### UNITED STATES v. DOUDERA et al. and Mabel F. Zelinski, (Transferees of Doudera Construction Co., Inc.).

#### No. 7992.

District Court, E. D. New York.

June 16, 1939.

224

Harold St. L. O'Dougherty, U. S. Atty., of Brooklyn, N. Y.

Martin J. Kelly, Jr., of New York City, for defendant Doudera.

GALSTON, District Judge.

The plaintiff moves, pursuant to Rule 34 of the Rules of Civil Procedure, 28 U. S.C.A. following section 723c, for an order requiring Frank Doudera, one of the defendants, to produce and permit the plaintiff to inspect and copy (1) all of the books of account from 1928 to 1934 inclusive, etc., of the Doudera Construction Co., Inc., (2) all memoranda and records of the acquisition or disposition of property by Doudera Construction Co., Inc., from 1928 to 1934 inclusive; (3) all memoranda and records of the meetings of the directors and officers of the Doudera Construction Co., Inc., from 1928 to 1934 inclusive.

The application is opposed on the ground that inspection under Rule 34 will be granted only when the documents sought are material to the issues involved in the action.

The complaint alleges the assessment of a certain deficiency tax with interest amounting to $3006.24 against the Doudera Construction Co., Inc., for the calendar year 1928. The complaint further alleges that the defendants were stockholders of that corporation and participated in a distribution of the assets of the corporation upon the sale of certain of its assets and that in consequence the corporation was rendered insolvent and unable to pay the income tax assessed against it for the year 1928 as aforesaid. It is also alleged that the corporation was dissolved by proclamation of the Secretary of State of the State of New York on December 15, 1934. The complaint further alleges that the monies received by the defendants out of the distribution constituted a trust fund for the payment of the aforesaid tax and seeks a decree for the payment thereof.

The notice of motion is supported by the affidavit of an assistant United States Attorney which recites that the information and data required are for the purpose of amending the complaint. To sustain the cause of action it becomes necessary for the plaintiff to prove when the taxpayer became insolvent and just what distribution of the taxpayer's property was made to the defendant Doudera.

It is reasonable to believe that these facts can be obtained from an inspection of the corporation's books and records which are alleged to be in the possession of the defendant Doudera, or subject to his control. It would appear that the documents and records sought may be material to the issues already joined and accordingly should be supplied, even though the rule in terms does not seem to countenance production of data which might be necessary for an amended cause of action.

The motion is granted. Settle order on notice.