**CHEMO–MECHANICAL WATER IMPROVEMENT CO. v. CITY OF MILWAUKEE.**

**No. 105.**

District Court, E. D. Wisconsin.

Sept. 18, 1939.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., for plaintiff.

Walter J. Mattison, Charles W. Babcock, and Irving A. Puchner, all of Milwaukee, Wis.; for defendant.

DUFFY, District Judge.

This court under date of July 19, 1939, authorized the taking of depositions by the defendant. The plaintiff has presented a motion, under the provision of Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that said order "provide for the exclusion from said depositions of all questions and answers directed to or tending to elicit information in any way relating to the date on which the invention of the patent in suit (Patent No. 1,348,320) was made or reduced to practice, or relating to the development or research pertaining to said invention, unless the defendant simultaneously disclose the date, character, and identity of any prior uses, patents, or publications on which it intends to rely, at the trial of this case, as anticipatory of said invention."

On the oral argument counsel for the plaintiff contended that unless such a safeguard were provided, fraud might be practiced upon the plaintiff in this suit.

Several cases have been cited in which District Courts have made provisions somewhat similar to those requested by the plaintiff.

The new rules of civil procedure were a great innovation in many States, and there will undoubtedly be a tendency in such States for the courts to limit the operation of said rules and to construe them narrowly. Rule 1 provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. I agree with the statement of the court in Unlandherm v. Park Contracting Corporation, D.C., 26 F.Supp. 743, 745, where the court stated: "To keep in step with the purpose and spirit underlying the adoption of these rules, it is better that liberality rather than restriction of interpretation be the guiding rule."

The new rules have greatly liberalized the taking of depositions. A reading of the Rule 26 (a) and 26 (b) indicates that a narrow or limited construction would be contrary to the spirit which actuated the adoption of these rules. In the case of Laverett v. Continental Briar Pipe Company, D.C., 25 F.Supp. 80, 82, the court in referring to sections 26(a) and 26(b) of the new rules said: "Construed together, these two clauses permit the broadest type of examination. Limitations which have been placed upon deposition-taking by state courts, such as the necessity of having the affirmative upon the issue on which examination is sought, find no basis in the new Rules. It will not avail a party to raise the familiar cry of 'fishing expedition.' "

Rule 30(b), under which the plaintiff is proceeding, provides: "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order * * * that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

There is nothing in the moving papers which would justify this court at this time making any order limiting the scope of the examinations heretofore authorized. This in itself would be sufficient for the denial of the motion made by the plaintiff. The only reason urged on the oral argument was, as heretofore stated, that the City of Milwaukee might perpetrate a fraud upon the plaintiff. There is no merit in such a contention.

An order may be entered denying the motion of the plaintiff.