BRUUN et al. v. HANSON et al.
No. 1320.

District Court, D. Idaho, N. D.
Dec. 2, 1939.

Ralph S. Hamilton, of Bend, Or., O. C. Moore, of Spokane, Wash., and W. Lair Thompson and McCamant, Thompson, King & Wood, all of Portland, Or., for plaintiffs.

N. D. Wernette and Edward J. Crowley, both of Spokane, Wash., for defendants Walter H. Hanson, and R. J. Bean.

W. F. McNaughton, of Coeur d'Alene, Idaho, and Therrett Towles, of Spokane, Wash., for defendants, Sunshine Consolidated, Inc., and Sunshine Extension Mines Co.

Frank Griffin, of Kellogg, Idaho, for defendant Lester F. Harrison.

CAVANAH, District Judge.

The case is now before the Court on the motions of the plaintiffs for accounting, and inspection and photographing of records pursuant to the mandate of the Circuit Court of Appeals, 9 Cir., 103 F.2d 685, requiring defendants to file and serve upon plaintiffs a written accounting.

The motions and objections thereto were presented in Court on oral argument and briefs.

### Motion for Accounting

This motion is made pursuant to the mandate of the Circuit Court of Appeals, requiring the defendants, in accordance with the opinion and decree of that Court, to file and serve upon plaintiffs written accounting of receipts and disposal of the property of the plaintiffs as disclosed by the opinion of the Circuit Court of Appeals. The scope of the order to be made by this Court relating to what the accounting is to reveal is the issue presented. To determine that issue it becomes necessary

to first refer to the mandate and the opinion of the Circuit Court of Appeals, which contains the following provisions:

"Hanson sold his interest in the Arizona company to Harrison * * * his statement that he received 'share for share'". [103 F.2d 696.]

"Undoing the transaction here would be of no aid to appellants. They would hold stock in the Arizona company, which if not now dissolved, owns no interest in the mining claims. By virtue of the stock in the Arizona company, Hanson and Bean were able to acquire the stock in the Idaho company. Thus, the latter is the product of the former. In that situation, appellants are entitled·to a decree that Hanson and Bean hold the stock of the Idaho company, which they now own as the product of the Arizona company stock, as trustee for appellants."

"Since the product of the stock in the Arizona company is to be seized and an accounting of the profits made from the dealings in the product is to be made, the doctrine of 'change of position' has little bearing here."

"As previously indicated, the relief to be granted is that which will deprive Hanson and Bean of the profit they made with their transaction with appellants. Bean has received some $4,000 and some mining stock as a result of a transaction from which he was entitled to receive only $1,000. With respect to him, equitable relief will probably be comparatively easy to grant. With respect to Hanson, a slightly different position is present. His dealings are more involved and numerous. The court will require him also to account for his profit derived from his dealing with appellant, which would of course, mean the excess of money and stock he received over the amount of his claim against the estate and possibly necessary expenses in connection with subsequent transactions if the circumstances warrant it."

"On the new hearing, the court below may dismiss the suit as against those appellees, other than Hanson and Bean, who have no product of the Arizona company stock, in their hands, belonging to Hanson or Bean."

■ It seems that the Circuit Court of Appeals has required an accounting of the dealings and transactions of the defendants Hanson and Bean with the plaintiffs concerning any interest they may have had in the properties and shares of stock issued in connection therewith, for it appears that the Circuit Court of Appeals has said: "As previously indicated, the relief to be granted is that which will deprive Hanson and Bean of the profit they made with their transaction with appellants. Bean has received some $4,000 and some mining stock as a result of a transaction from which he was entitled to receive only $1,000. With respect to him, equitable relief will probably be comparatively easy to grant. With respect to Hanson, a slightly different position is present. His dealings are more involved and numerous. The court will require him also to account for his profit derived from his dealing with appellant, which would of course, mean the excess of money and stock he received over the amount of his claim against the estate and possibly necessary expenses in connection with subsequent transactions if the circumstances warrant it." This requirement does not extend to accounting of transfers originally paid for other property not here involved but only to properties of the estate in which the plaintiffs were interested, and should it, upon the hearing of the account when filed, be contended by any of the parties that it does not disclose all of the transactions with the plaintiffs, and evidence is required to be taken, then the Court will hear the parties and determine whether the accounting meets the requirements of the order now to be made.

■ As to the other defendants, the extent of the accounting it seems is specifically recited in the last paragraph of the opinion of the Circuit Court of Appeals in which it is said: "On the new hearing, the court below may dismiss the suit as against those appellees, other than Hanson and Bean, who have no product of the Arizona company stock, in their hands, belonging to Hanson or Bean." This requirement would seem to require an accounting of the other defendants, other than Hanson and Bean, as to whether they have any product of the Arizona Company stock belonging to Hanson or Bean. In order to do so it seems the other defendants should make such an accounting.

### Accounting by Defendant Sunshine Consolidated, Inc.

■ This Company appears willing to account for all stock issued to or on account of the Sunshine Extension, the Rockford Mining Company, Walter Hanson,

Lester H. Harrison and J. R. Bean, but objects to being required to give a statement of each certificate of capital stock of the Sunshine Consolidated, Inc., issued in payment of the purchase price of any other mining property prior to 1938, upon the ground that such information is not material to any matter involved in the present action or accounting and asserts that its accounting should be limited to the 725,000 shares issued in payment for the Gullickson claims, but the plaintiffs urge they are entitled to an accounting of any additional shares issued to or for Harrison in payment for the Sunshine Extension stock after the 725,000 shares had been issued and the amounts of cash and stock, if any, he paid for the Sunshine Extension. It seems correct that this Company should not be required to account for the purchase price of any other mining properties than those involved in this action and issued in payment for the Sunshine Extension shares, and with this qualification, the contention of the plaintiffs comes under the requirement specifically stated in the last paragraph of the opinion of the Circuit Court of Appeals which is very broad as to the extent of the accounting of the defendants.

### Accounting of the Sunshine Extension

■ The objections and limitations of this Company is to the extent of the account, and it is that it should not be required to give information concerning any stock other than the 400,000 shares issued to the defendants Hanson and Bean, for the reason that it does not constitute material evidence. It so far appears from the record, and after considering the opinion of the Circuit Court of Appeals, that from this Company the plaintiffs' rights come. In order to ascertain what those rights consist of it seems necessary for it to account for the shares of the Consolidated Company stock it received, if any, and for every share of its own stock and transfers of both shares of stock, because it is essential to trace those shares of stock before a full and complete determination can be had in carrying out the conclusion of the Circuit Court of Appeals.

### Accounting of Hanson and Bean

■ It will be remembered that after a study of the opinion of the Circuit Court of Appeals, the conclusion there reached is broad as to the accounting to be made by Hanson as he is required to account for his profit, if any, from his dealings with the plaintiffs, and as to the defendant Bean, he is also required to account for his profit, if any, made by him with transactions with the plaintiffs. If the trustee has kept together his private and other transactions, with those of the plaintiffs with whom he has to account and they have become comingled that would not prevent an investigation of what belongs to the cestui, for if so, that would prevent a full and complete report of what belongs to the cestui. So the manner in which the report is to be made in that regard is not confined to the method used as urged by counsel in their briefs, as this accounting will have to be made in the usual and regular manner in determining the legal status of the account between the parties.

### Accounting of Harrison

■ As to the defendant Harrison, the last provision of the opinion of the Circuit Court of Appeals applies, where the other defendants than Hanson and Bean are required to account, "who have no product of the Arizona company stock, in their hands, belonging to Hanson or Bean." In order to determine that fact, he should report of his purchases of Sunshine Extension Company stock, its disposition and what he received for it, in his, "hands belonging to Hanson or Bean" or of the Sunshine Consolidated Stock. It so far appears that he did purchase some property from Hanson and Bean, belonging to the trust, i. e., stock of the Sunshine Extension Company, and if such purchases cover also stock of the Consolidated which the trustee received for the trust property he should also report the same and when such report is made, should plaintiffs assert that it is not a full and complete report, a hearing and taking of testimony, if desired, may then be presented to the Court for determination.

The Court has endeavored to interpret the opinion of the Circuit Court of Appeals, relating to the scope of the accounting to be made by the defendants, and it and the annexed order relating to the same designate the scope of the accounting to be made and should it appear when it is so made, that the parties assert that the report is not a full and complete one, then, of course, the regular ordinary proceeding will have to be had in the presentation to

606

the Court of such testimony as the parties may desire to present.

### Motion of Plaintiffs for Order Permitting Inspection, Copying and Photographing of Records

 This motion is made pursuant to rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated relevant object or operation thereon. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

The rule confines the production and inspection of documents, etc., which constitute evidence material to any matter involved in the possession or control, and not privileged, of the defendants.

If it is reasonably probable that the documents sought to be examined constitute material evidence that is sufficient. It seems liberality rather than restriction of interpretation of the rule be the guiding principle in order to carry out the spirit of the rule. The fact that the inspecting may relate to matters already had in a bill of particulars or knowledge of the facts do not justify a refusal of such request by the plaintiffs. So with this thought in mind we approach the consideration of the motion.

 The motions seem to ask for the production and consideration of matters which appear to be necessary to inspect, excepting the personal books of account of said Hanson and Bean for the years 1933 to 1939, inclusive, on which the Court reserves ruling until they are presented to

the Court, in order to determine the status of the account between the defendants named in the motion and the plaintiffs, and whether they are material or privileged will have to be determined by the Court upon the hearing as to their admissibility. For as stated, if it is reasonably probable that the documents sought to be examined constitute material evidence, that is sufficient. So the order follows granting the request of the plaintiffs, permitting an inspection, copying and photographing of the matters and records sought in their motion, excepting the personal books of account of said Hanson and Bean for the years 1933 to 1939 inclusive, on which the Court reserves ruling until they are presented to the Court, and at the time and place to be stated in the order.