**CIVIL AERONAUTICS BOARD OF CIVIL AERONAUTICS AUTHORITY v. CANADIAN COLONIAL AIRWAYS, Inc.**

District Court, S. D. New York.

Nov. 26, 1940.

John T. Cahill, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., and Edward M. Weld, Atty., Civil Aeronautics Board, both of New York City, of counsel), for plaintiff.

Alexander C. Dick and Arthur Stryker, both of New York City, for defendant.

KNOX, District Judge.

Plaintiff moves this court for an order pursuant to Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directing defendant to produce and permit the inspection and copying by the plaintiff of certain records and documents

designated in the notice of motion herein, which show the identity and other information concerning passengers transported by defendant's air line on its route between New York City, and Niagara Falls, New York.

The action is to enjoin the defendant from operating an interstate air service between the aforementioned cities as violative of the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 401 et seq., in that said defendant is

(1) engaging in interstate and foreign air transportation without a certificate of public convenience and necessity, Section 401(a) of said Act, and

(2) operating without an air carrier operating certificate prescribing minimum safety standards, Section 610(a) (4) of said Act.

Defendant contends it is not subject to the jurisdiction of the Civil Aeronautics Board, inasmuch as it conducts a strictly intrastate air line, and that the Act authorizing the Board only applies to those engaged in interstate or foreign commerce. Plaintiff asserts that defendant's passengers are using said air line as one leg or portion of an interstate or foreign journey, and that this is sufficient to characterize defendant's business as being interstate in quality, and defendant, therefore, is amenable to the Board. This contention is rejected by defendant, which also raises the issue that, assuming plaintiff's argument to be sound, a carrier cannot be held to be engaged in interstate or foreign commerce, if it is without knowledge of the origin or destination of its passengers.

Pursuant to a request by plaintiff, defendant made all its books and records available to plaintiff, for the period August 11, 1940, to August 27, 1940, inclusive, i. e., the first seventeen days of the service of the air line. Subsequently, the complaint herein was served. Plaintiff now seeks the records and books of defendant from August 11, 1940, to date, and admits that it will, following production of the passenger lists, question the travelers regarding the starting places and destinations of their journeys.

Defendant objects to the granting of the relief sought upon the grounds—

(a) That the books and records covering the period of August 11, 1940, and August 27, 1940, have already been inspected by plaintiff;

(b) That any inspection of books and records covering the period of service subsequent to September 16, 1940, when this action was commenced, should be limited to that by that date;

(c) That plaintiff's proposed interrogation of defendant's passengers, whose identities will be disclosed by the discovery, will irreparably injure defendant's business.

■ As to objection (a) supra, I cannot agree with defendant—since there is no dispute that the books and papers already exhibited to plaintiff are material and relevant to the controversy—that they should not again be examined. This contention amounts to an assertion that plaintiff is in possession of the information now sought. That is not a sufficient ground for denying this application. See Benevento v. Atlantic & Pacific Food Stores, D.C., 26 F.Supp. 424; Goldberg v. Raleigh Manufacturers, D.C., 28 F.Supp. 975.

■ As to objection (b) supra, the defendant contends that the plaintiff is limited to the facts existing as of serving the complaint, and that anything after that date is irrelevant and immaterial.

As previously indicated, the main issue is whether or not defendant's intrastate transportation of passengers, who use the air line as one leg of an interstate or foreign journey, constitutes interstate commerce. If so, defendant admittedly is within the jurisdiction of the Board. Assuming that plaintiff's contention as to the nature of defendant's business will be sustained, it must carry the burden of establishing the fact. The information now sought will be most helpful in that direction. If it be that defendant has violated the provisions of law, and continues so to do, there is no good reason why the plaintiff may not produce evidence of defendant's continuing wrongful conduct. United States v. Gaffney, 2 Cir., 1924, 10 F.2d 694. Furthermore, equity always speaks as of the date of its decree, and facts intermediate the filing date of the complaint and the time of trial are, in consequence, relevant and material to the main issue.

■ The Federal Rules of Civil Procedure contemplate a liberal discovery, and it is not to be limited by all the stringency that regulates the admissibility of evidence upon a trial. See Lewis v. United Air

Lines Transport, D.C., 27 F.Supp. 946; Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C., 30 F.Supp. 275; Bruun v. Hanson, D.C., 30 F.Supp. 602.

██ Further, a party is entitled to a discovery in order to secure information which is necessary to obtain evidence, Mackerer v. New York Central Railroad, 1 F.R.D. 408, and the names of witnesses, under proper circumstances, may thereby be had. This is especially true when the identities of witnesses who are necessary in order to make out a case are within the sole knowledge of the other party. It has also been intimated that under certain circumstances a party may have a discovery to secure evidence upon which an amended pleading might be predicated. United States v. Doudera, D.C., 28 F.Supp. 223.

██ Another ground for permitting a broad discovery herein is the element of public interest. One of the purposes of the Civil Aeronautics Act is to "assure the highest degree of safety in * * * such transportation," 49 U.S.C.A. Section 402(a) and (b). The necessity that this degree of safety should be attained demands that discovery in this case should not be circumscribed by too much technicality. Unlandherm v. Park Contracting Corporation, D.C., 26 F.Supp. 743. In my opinion, public interest will be served by the discovery here sought.

██ Defendant's objection (c) supra, to the effect that plaintiff's desired discovery, and the proposed subsequent interrogation of defendant's passengers, will irreparably damage its business, is not impressive. Such a result need not necessarily follow, and I shall assume that such interrogations as may be had will be carried out in good faith, and with proper restraint. However, the mere incident that a defendant may suffer some detriment through the medium of a discovery will not foreclose the right of a party, in a proper case, to obtain one. As Judge Learned Hand (then District Judge) said in Grasselli Chemical Company v. National Aniline & Chemical Company, D.C., 282 F. 379, at page 381: "It is true that the result may be to compel the defendant to disclose how far it goes in the process, though it does not use the process as a whole and that that may damage the defendant. That is, however, an inevitable incident to any inquiry in such a case; unless the defendant may be made to answer, the plaintiff is deprived of its right to learn whether the defendant has done it a wrong."

For the reasons above stated, plaintiff's motion will be granted.