## EMPLOYERS' MUT. LIABILITY INS. CO. OF WISCONSIN v. BLUE LINE TRANSFER CO.

### No. 909.

District Court, W. D. Missouri, W. D.

Sept. 26, 1941.

Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., for plaintiff.

J. Francis O'Sullivan, of Kansas City, Mo., for defendant.

REEVES, District Judge.

A swarm of motions has been filed in this case. After defendant had been served with process it filed a motion for a bill of particulars. Thereupon the plaintiff filed a motion to require the defendant to produce for inspection its papers, books and accounts covering a period of approximately five years. This motion was supported by an affidavit and the defendant on its part has moved to strike out the latter affidavit for reasons not necessary to enumerate. Other matters were covered by some of the motions, but it is not necessary to discuss them in this memorandum opinion.

1. In defendant's motion for a bill of particulars it seeks, among other things, to have the plaintiff "set forth the amount of the premiums charged by it on each of the ten policies in question, and the amount or amounts which it received from defendant as premiums on each of said policies, showing separately the balance, if any, it claims is due from defendant on each of said policies."

This part of the defendant's motion requires an examination of the complaint: After appropriate jurisdictional averments, and by paragraph 3, the following is stated by plaintiff: "On the 16th days of May, 1935 to 1939, inclusive, the plaintiff, at defendant's request duly executed and delivered to defendant its Standard Workmen's Compensation and Employers' Liability Insurance policies numbered 40687, 2—28168, 2—40315, 2—52376, and 2—64646, and its Manufacturers' and Contractors' Liability Insurance policies numbered

307501, 2—304127, 2—311318, 2—317278, and 2—323931."

The next paragraph, being numbered 4, says: "Plaintiff has by said policies insured defendant against the risks of liability specified in said policies and has earned the premiums provided by said policies which premiums, after allowing defendant all credits due, amount to the sum of Six Thousand Dollars ($6,000.00), for which sum, with interest, defendant is indebted to plaintiff."

 It is quite obvious that the defendant is entitled to have these particulars before being required to answer. Plaintiff avers that it issued the policies and sets out the number of each policy. Plaintiff claims that it has earned the premiums "provided by said policies which premiums, after allowing defendant all credits due, amount to the sum of Six Thousand Dollars ($6,000.00)." It would be a simple matter for the plaintiff to tell the defendant exactly what the premiums were on each policy and what credits, if any, it has allowed on each policy. The averments of the complaint justify the inference that the plaintiff has full information in the premises. It is contended, however, by the plaintiff that its complaint is in substantial compliance with the form prescribed by the Supreme Court in adopting the New Rules of Civil Procedure. An examination of the form supports plaintiff in its contention. However, these forms do not dispense with the necessity, as occasion may require, for a statement of certain details or particulars which would enable the defendant more readily to prepare and file a responsive pleading.

While it has been suggested by a respectable authority that: "There is a cleavage in the decisions on the question as to whether a party may be ordered to itemize his claim for damages in a bill of particulars", an examination of the authorities does not in fact disclose such cleavage. In each case where the motion for a bill of particulars has been sustained there were good reasons assigned for it, and, on the contrary, in each case where the motion for a bill of particulars has been overruled, there were good reasons for such action.

In the case of Graham v. New York & Cuba Mail S. S. Co., D. C., 25 F.Supp. 224, Judge Moscowitz of the E. D. of New York granted a motion for a bill of particulars in a suit for damages for the death of a husband where the defendant desired to know about the equipment being used by its agent at the time of the accident and also where it sought to have the plaintiff tell what negligent acts caused the accident and consequent death.

In Schmidt v. Going, D. C., 25 F.Supp. 412, a similar motion was sustained in this district, where the defendants sought to ascertain in what manner the defendants were negligent, and also the age of a minor daughter who had been killed in the accident. It was obvious that this information was necessary to enable the defendant to prepare its responsive pleading.

On the other hand, in the case of Tarbet v. Thorpe, 25 F.Supp. 222, 223, the District Court for the Western District of Pennsylvania refused to grant such a motion for the reason that "plaintiff's complaint is sufficiently specific in the particulars mentioned." In the latter case the complainant had detailed the conduct of the defendant which constituted the alleged negligence causing the injury.

In the case of E. I. Du Pont De Nemours & Co. v. Dupont Textile Mills, Inc., D.C., 26 F.Supp. 236, motion for a bill of particulars was denied in part and granted in part. The court assigned good reason for denying parts of the motions. It should be noted that this was a patent case and much of the information was available to the movant.

In the last two cases motions were not denied because of a hard and fast rule that such motion should not be granted but for good and sufficient reasons stated in the opinions.

It would be a curious situation if the Supreme Court, after having provided for bills of particulars, had then prescribed forms, which, when used, would dispense with the rule for particulars or a more definite statement.

 Other particulars requested in the defendant's motion should be refused. For instance, it should not be necessary for the plaintiff to "set forth or attach a copy of each of the ten policies mentioned in paragraph 3 of its complaint." And neither should it be required to "plead all applicable parts of said policies." The defendant has these policies, and, according to affidavits and other data supplied when the several motions were argued, it appears that the defendant is entirely familiar with the provisions of these policies. Moreover, it has in its possession the original policies. Nei-

ther should the plaintiff be required to set forth "whether or not its auditor or auditors examined defendant's books during any or all of the policy periods." According to the affidavits it is the defendant's contention that they did make such audit and therefore it can crystalize its contention by appropriate pleading.

█ 2. Counsel for the plaintiff at the argument upon the several motions indicated that there are no cases precluding discovery before the issues are made up. The plaintiff's motion for the production and inspection of documents was filed under Rule 34 of the New Rules, 28 U.S.C.A. following section 723c. Pertinent provisions of this rule are: "Upon motion of any party *showing good cause therefor* * * * the court in which an action is pending may (1) order any party to produce and permit the inspection * * * which constitute or contain evidence material to any matter *involved in the action.*"

The courts have had occasion to discuss the stage of the pleadings at which such a motion might be maintained. Mr. Holtzoff, in his admirable commentary on "New Federal Procedure and the Courts," at page 92, epitomizes and digests the rulings of the courts in the following apt language: "Moreover, such a discovery should not be permitted until an answer is filed, since, until joinder of issue, it cannot be determined whether or not the desired documents or objects constitute or contain evidence material to an issue in controversy." This text was supported in Piest v. Tide Water Oil Co., D.C., 26 F.Supp. 295; Kenealy v. Texas Co., D.C., 29 F.Supp. 502.

The plaintiff, however, in an elaborate brief seeks to overcome the plain, clear and unmistakable language of the rule by citing and quoting from a formidable array of authorities. These have been carefully examined. Conceivably a case might arise where discovery might be ordered before issue joined as indicated in Moore's Federal Practice, Volume 2, p. 2637, and according to an excerpt quoted by counsel. Such is not the case at bar.

In C. F. Simonin's Sons, Inc., v. American Can Co., D.C., 24 F.Supp. 765, Circuit Judge Maris was sitting in the Eastern District of Pennsylvania for district work. In that case Judge Maris refused to permit the filing of an amended bill of discovery clearly made obsolete by the new rules of federal procedure. In doing so he stated that the new rules "afford the plaintiff facilities for discovery from the defendant which are more liberal than it could obtain in a suit in equity for discovery."

In Fishman v. Marcouse, D.C., 32 F.Supp. 460, loc. cit. 463, the District Judge for the Eastern District of Pennsylvania stated: "Unquestionably Rule 34 of the Federal Rules of Civil Procedure has extended the rights of parties to a suit to examine the books and records of the other party *before trial.*" An examination of this opinion discloses that the point raised here was not raised in that case. Moreover, there is nothing to indicate that a responsive pleading had not been filed and that the case was at issue.

In United States v. Doudera, D.C., 28 F.Supp. 223, 224, Judge Galston of the Eastern District of New York granted a motion for the reason that "it would appear that the documents and records sought may be material to the issues already joined."

In Fidelity & Casualty Co., Inc., v. Tar Asphalt Trucking Co., Inc., D.C., 30 F.Supp. 216, 217, it does not appear that the case was not at issue, and the court granted the motion under the authority of New York cases. Apparently the judge did not even consider Rule 34. He simply said: "It appears that the production and inspection of the documents above mentioned has been allowed in like cases in New York."

In Bruun v. Hanson, D.C., 30 F.Supp. 602, 603, Judge Cavanah of the District of Idaho granted a motion because it was made "pursuant to the mandate of the Circuit Court of Appeals [9 Cir., 103 F.2d 685], requiring the defendants, in accordance with the opinion and decree of that Court, to file and serve upon plaintiffs written accounting of receipts and disposal of the property of the plaintiffs as disclosed by the opinion of the Circuit Court of Appeals."

In Saxton v. W. S. Askew Co., D.C., 38 F.Supp. 323, Judge Russell of the Northern District of Georgia granted a similar motion on grounds far different from those stated here. Note the language of Judge Russell, 38 F.Supp. loc. cit. 325: "Under the pleadings, the nature of the case, and the facts produced in the oral argument, the motion for production and inspection is deemed sufficient." In other parts of that opinion the court emphasizes the materiality of the evidence plaintiff sought to produce.

It does not appear from the records of this case that the evidence sought would be material. Moreover, according to the affi-

davits, plaintiff not only has the evidence it seeks but it assumes the possession of such information by the averments of its complaint. It may be readily deduced from the record proferred that the plaintiff is now endeavoring to circumvent its own contracts. For instance, with unimportant variations in language, each of its policies contained provisions permitting it "at all reasonable times during the policy period, to inspect the plants, works, machinery and appliances covered by this policy, and to examine the employer's books at any time during the policy period, and any extension thereof, and within one year after its final expiration, so far as they relate to the remuneration earned by any employees of this employer while this policy was in force."

3. It is unnecessary to notice the motion of the defendant to strike out the affidavit appended to plaintiff's motion to produce. Whether the affiant is competent becomes moot in view of the above.

Accordingly, the defendant's motion, as indicated above, will be sustained in part and overruled in part. The plaintiff's motion for discovery will be denied and, in like manner, the motion of the defendant to strike out the supporting affidavit to plaintiff's motion for discovery will be denied.