## BELER et al. v. SAVARONA SHIP CORPORATION et al.

### No. 4.

District Court, E. D. New York.

Feb. 10, 1939.

Rayford W. Alley, of New York City (Sidney Friedman and Asa W. Jennings, both of New York City, of counsel), for plaintiffs.

Spence, Windels, Walser, Hotchkiss & Angell, of New York City (Kenneth M. Spence and James H. Halpin, both of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This is a motion for an order directing the entry of judgment by default against the defendant Savarona Ship Corporation because of failure to comply with a stipulation approved by the Court, requiring the production, and permitting the inspection of certain books, records and documents. In the alternative, it is asked that certain facts be taken to be admitted.

Defendant has sought to justify its refusal to permit the discovery called for by the stipulation of the parties on the ground that there is no showing that the documents sought to be examined would establish facts relevant to the issues of the case. Rule 34, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, permits the discovery of documents "which constitute or contain evidence material to any matter involved in the action." The requirement of materiality does not, however, compel the person seeking discovery definitely to prove materiality before being entitled to a discovery. Such an interpretation of the rule would place upon it a narrow construction which would severely limit the bounds of the discovery procedure. It might compel a party to know what was in the documents before he had seen them. One of the basic purposes of the new Rules is to enable a full disclosure of the facts so that justice might not move blindly.

Since materiality is not easily determined before trial when issues are first being formulated, it is sufficient that the party seeking discovery establish that it is reasonably probable that the documents sought to be examined constitute or contain material evidence. See Moore, Federal Practice (1938) Section 34. 04. In the instant case the parties have stipulated the production of certain documents. In doing so, they must be deemed to have waived any showing of reasonable prob-

ability of materiality or else be deemed to have concluded that this requirement had been met.

Since the relief sought by plaintiffs is rather drastic and the Rules new, and their application not fully understood, defendant will be given a reasonable time, to be fixed in the order to be entered herein, within which to produce the stipulated documents, in default of which plaintiffs may apply for further relief.

Settle order on notice.