FAIRWATER TRANSP. CO., Inc., v. CHRIS-CRAFT CORP.

District Court, S. D. New York.

Aug. 12, 1940.

Maurice M. Kreis, of New York City, for plaintiff.

Townley, Updike & Carter, of New York City, for defendant.

HULBERT, District Judge.

There are two motions here disposed of:

1. Defendant moves under Rule 30(b), Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, that the deposition of defendant corporation, by its president, etc., in accordance with the notice served by plaintiff be taken at Algonac, or Detroit, Mich., instead of 165 Broadway, New York, N. Y., as specified in the notice, upon the ground that the offices of the defendant are located at Algonac near Detroit and that plaintiff be required to advance reasonable expenses and counsel fees for an attorney for defendant to be present. Rule 12, F.R.C.P.

The notice also stated that the deposition of J. B. Cothran would be taken at the same time and place as that of defendant.

Defendant is a Michigan corporation and at the time of the commencement of this action (May 17th, 1940) had filed application and received a certificate from the Secretary of State of the State of New York authorizing it to do business in this state and maintained a place of business at 83 East 45th St., New York, N. Y., where the summons and complaint were served upon J. B. Cothran, "as manager", and such service has not been challenged. Defendant appeared and filed an answer. But between that time and the date of the examination sought, defendant claims to have cancelled its certificate to do business in New York and Mr. Cothran's employment was terminated. However, he resides at New Rochelle, N. Y., and his presence at an adjourned date to be fixed by the order entered on this motion may be secured by his voluntary appearance or the proper service of a subpoena.

■ There is no doubt that the officers of the company and the records which would be required are in Algonac and the examination may be held there or in Detroit at the option of plaintiff's attorney.

Reasonable expenses of counsel will be allowed, the amount to be fixed and inserted in the order upon settlement, which will be on two (2) days' notice unless agreed upon as to form.

■ 2. Plaintiff moves for the production for inspection, with leave to copy or photograph:

"1. All blue prints and specifications used by the defendant in constructing the boats delivered by the defendant to the plaintiff during the year 1939.

"2. All blue prints and specifications used by the plaintiff in the construction of 1939 stock or standard model 29 foot boats equipped with two 135 horse power engines.

"3. All blue prints and specifications used by the defendant in the construction of 1939 stock or standard model 29 foot boats equipped with two 95 horse power engines.

"4. All inter-office communications between the factory and all the offices of the defendant, pertaining to the purchase, construction and delivery of the boats which are the subject of this action, during the years 1938 and 1939."

These are all in the Michigan offices of the defendant which contends, moreover, that to establish the "good cause" required by Rule 34, F.R.C.P., the issues should be more specifically defined. This might be done by a pretrial under Rule 16, F.R.C.P., at which much unnecessary labor, delay and expense might be saved.

However, defendant is willing to produce in New York for inspection the items mentioned in paragraph 1, and plaintiff is willing to pay the cost of such copies or photographs as are made thereof; defendant will also produce in New York for inspection items mentioned in paragraphs 2 and 3 if plaintiff will pay the cost of transportation in advance and for such copies or photographs as are made.

My own thought is if the items mentioned in paragraphs 1, 2, and 3 were produced in New York upon a pretrial, the issues and proofs required thereunder could be greatly simplified and a determination then made as to the relevancy of the inter-office communications and the scope of the depositions of the witnesses to be examined at Algonac.

If counsel cannot reach an accord, motion will be granted, without prejudice to an application for relief under Rule 30(d), the production for inspection to take place in Algonac or Detroit if preferred. The question of allowances for counsel fee and expenses will be passed upon when the order is presented for settlement; to be on notice.