## MACKERER v. NEW YORK CENT. R. CO.
### No. 817.

District Court, E. D. New York.
Oct. 4, 1940.

Thomas J. O'Neill, of New York City (Joseph G. Saile, of New York City, of counsel), for plaintiff.

Jacob Aronson, of New York City (Gerald E. Dwyer, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This action was brought to recover damages for the death of plaintiff's intestate who was killed as a result of the turning over of a steam crane which he was operating while in the defendant's employ. The plaintiff seeks the production of all papers and records showing repairs made to the steam crane subsequent to the accident. This request is made in interrogatory "4", which reads as follows: "Directing the defendant to produce and permitting plaintiff's attorney to examine, copy and photograph all inspection reports, repair sheets, shop records, photographs, and any and all other papers showing the mechanical condition of, and showing repairs made to said steam crane following the accident involving said steam crane which occurred on August 9, 1939."

Rule 26 (b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permits an examination regarding any matter not privileged which is relevant to the subject matter. Rule 34 permits discovery of material documents. The question therefore arises whether a discovery may cover material which would be inadmissible in evidence.

Certainly, plaintiff cannot, as a part of her case, establish repairs made subsequent to the accident. The reason for that rule is that, if such evidence were admissible, a defendant in an accident case would hesitate, and in some instances refuse, to make any repairs for fear that evidence of such repairs would affect the defendant's rights before a jury. The Supreme Court in Columbia & Puget Sound R. Co. v. Hawthorne, 144 U.S. 202, 12 S.Ct. 591, 36 L.Ed. 405, considered this question and held such evidence inadmissible as incompetent and lacking in probative force.

The point here in issue has been discussed by Hon. Alexander Holtzoff, Special Assistant to the Attorney General, in one of his able commentaries on the Federal Rules of Civil Procedure. He has said with reference to the scope of an examination, "The examining party is not restricted to securing testimony that would be admissible in evidence at the trial. He may go further and obtain information that may be useful in securing such evidence." See Holtzoff, New Federal Procedure and the Courts, 75.

Thus, both under Rule 26 (b), and Rule 34, covering inspection, it is not necessary to establish admissibility of the testimony or document. It is sufficient that the inquiry be made as to matters generally bearing on the issue and relevant thereto or that there is reasonable probability that the document in question contains material evidence. This court had occasion to consider this question in Beler v. Savarona Ship Corporation, 26 F.Supp. 599.

In this case plaintiff, the widow of the intestate, was, undoubtedly, not present at

the time of the accident and is therefore dependent upon information received from others. She is entitled to all the aid that the court can give her to prove the alleged negligent acts of the defendant.

■ If a narrow construction were placed upon Rule 26 (b), the court would rule that the papers and documents sought should not be produced. The purpose of the Federal Rules of Civil Procedure, however, is to cut through the maze of technicalities which have heretofore existed, and to enable the court to do a greater measure of moral justice under the law.

In another able and well-considered article by Mr. Holtzoff appearing in the American Bar Association Journal, January 1940 issue, page 45, entitled, "Twelve Months Under The New Rules of Civil Procedure," Mr. Holtzoff has succinctly stated the purposes of the new Rules, as follows: "The purpose of the new procedure has been to throw into discard the technicalities that acted as a brake on the progress of a lawsuit; to abolish what has been so aptly termed as 'the sporting theory of justice'; to provide efficient machinery for the ascertainment of truth; and to expedite a determination. of each controversy on the merits."

It cannot be decided as a matter of law in advance of the trial that the subject of plaintiff's inquiries is wholly irrelevant or immaterial. It is possible as contended by plaintiff that the repairs which were made after the accident disclose certain defects in the crane which by their very nature will appear to have been in existence before the accident. Furthermore, it is conceivable that such documents might be used to rebut defendant's evidence. See Choctaw, Oklahoma, & Gulf Railroad Company v. McDade, 191 U.S. 64, 24 S.Ct. 24, 48 L.Ed. 96. It is possible that such evidence might be admissible for other reasons.

No injury can come to the defendant by producing the documents showing the repairs and on the contrary great harm may be done the plaintiff. All that is being decided here is that the documents should be produced for plaintiff's attorney's examination, copying, etc., as set forth in interrogatory "4". This court is not deciding that the documents would be admissible upon the trial. That question, of necessity, must be determined by the trial court.

Defendant will be required to comply with interrogatory "4".

Settle order on notice.