## UNITED STATES v. NATIONAL CITY BANK OF NEW YORK et al.

District Court, S. D. New York.
May 19, 1941.

Mathias F. Correa, U. S. Atty., of New York City (Irvin C. Rutter, Sp. Asst. to the Atty. Gen., and Noel Hemmendinger, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Shearman & Sterling, of New York City, for defendant National City Bank of New York.

Benjamin E. Messler, of New York City, for City Co. of New York, Inc.

Mitchell, Taylor, Capron & Marsh, of New York City, for City Bank Farmers Trust Co. and another.

MANDELBAUM, District Judge.

Two separate motions are before the court:

First, the City Company of New York, Inc., not a party to this action moves to vacate a subpoena served upon it to appear and be examined as a witness in this action on behalf of the plaintiff, or in the alternative, limiting said subpoena to. records which refer to a sale by it of certain Russian notes to the National City Bank of New York, one of the defendants in this action.

Second, the City Bank Farmers Trust Company and Alexander W. McGhee, not parties to this action similarly move to limit the scope of an examination sought of them, to sale of certain Russian notes by it (City Bank Farmers Trust Company) to the National City Bank of New York.

.The action is brought by the United States of America, as assignee of the Union of Soviet Socialist Republics to recover alleged assets held by the defendant, National City Bank of New York, for the account of the Imperial Government of Russia or the provisional government of Russia and of former Russian corporations, companies and other organizations.

The defendant denies the essential allegations of the complaint and sets up various separate defenses. The third separate defense alleges a set-off against any assets attempted to be assigned by the Union of Soviet Socialist Republics to the United States of America, and forming the subject of this action, the loss sustained by it because of the default of the Russian Government on $4,435,000 principal amount of Russian Government 5% dollar note originally issued May 1st, 1917, and still owned and held by said defendants.

Obviously if this defense is sustained the action must fail. So, the government, through the medium of depositions and subpoenas, is seeking to ascertain information with respect to acquisition by the National City Bank of New York of these Russian notes to combat the claim of set-off. Basically, the right to such information appears to be unquestioned. It is the scope of the examination which is objected to and by these motions the prospective witnesses, not parties to the action, seek to either limit the scope of the subpoenas served upon them or to entirely vacate at least one of the subpoenas. The defendant, National City Bank of New York has appeared on these motions and has submitted a voluminous brief in which it seeks to uphold the position taken by the witnesses.

The City Company of New York, Inc., seeks to limit disclosure of the records to those relating to the sale by it of $2,750,000 of the notes to the National City Bank of New York on May 1st, 1917. Similarly the City Bank Farmers Trust Company seeks to limit disclosure to two transfers from City Bank Farmers Trust Company to the bank of certain Russian notes in September, 1921, and on June 29th, 1929.

The government, on the other hand, is desirous of inquiring into the entire history of the acquisition and ownership of any notes of the same issue held by the prospective witnesses. I am fully aware of the nature and scope of examination pursuant to Rule 45(b) and Rule 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. A blanket demand for all records and documents is in-

sufficient. There must be a showing of materiality and relevancy to the issues of the case before such examination will be permitted.

Considering the entire background of this suit and its various ramifications, I am convinced that the transactions are so interrelated and relevant to each other that a limitation of the examinations to specific dates and notes will frustrate such inquiry and render it valueless.

Recently Judge Leibell of this court, 40 F.Supp. 99, passed upon an application by the government for discovery of the records of the defendant, National City Bank of New York. Some of the records sought to be discovered included the Russian notes with which the present motions are concerned. The learned court, on May 3rd, 1941, in an opinion granted the government's application with slight limitations. The opinion, read in its entirety, supports the government's view taken on the motions now before me.

I conclude that the information sought by the government is material and relevant to the issues raised by the pleadings and accordingly deny the applications in all respects.