## GRINNELL CO., Inc., v. NATIONAL BANK OF FAR ROCKAWAY.

### No. 1770.

District Court, E. D. New York.

June 30, 1941.

Benjamin P. DeWitt, of New York City, for plaintiff.

Carl E. Peterson, of Far Rockaway, L. I., N. Y., for defendant.

CAMPBELL, District Judge.

This is a motion for an order compelling John R. Burton the witness who was examined on deposition by oral examination at the office of the defendant in Far Rockaway, New York, New York, on May 16th and June 3rd, 1941, respectively, to answer questions propounded to him by counsel for plaintiff.

The construction of Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for which defendant contends, is much narrower than its construction by Judge Moscowitz of this court in Laverett v. Continental Briar Pipe Co., Inc., D.C., 25 F.Supp. 80, and in Mackerer v. New York Cent. R. Co., D.C., 1 F. R.D. 408. That, however, does not require further consideration, as I find the matters as to which I am allowing inquiry are material.

The defendant by its defenses puts the plaintiff in a position where it may be required to show that the defendant had a real interest in, or consideration enuring to it under the contract in question. To do this it may be necessary to show that the business relations between the defendant and one Baylor, both as a depositor and borrower, were profitable to the defendant, and that the desire to retain Baylor as a depositor and borrower furnished a motive for defendant entering into the contract in question, and that the defendant's desire to collect its debt influenced its actions under such contract.

To do this plaintiff may be required to show the relations which existed between the defendant and Baylor prior to Septem-

ber 19th, 1940, to the time of the commencement of business relations between the defendant and said Baylor.

The plaintiff, however, has not the right to require the defendant to show the details of every transaction, but is entitled to require the date when Baylor's relations with the defendant as a depositor or borrower, or both, commenced, the total amount borrowed, the total amount of interest received by the bank on such borrowings, Baylor's average balance on deposit with the bank, and other fundamental facts.

Of course, the relations between the defendant, Baylor and the Hudson Contracting Co., Inc., are so intimately connected with the contract in question as to require the furnishing of the information required with reference thereto.

For the reasons stated the objections to questions Nos. 2, 6, 7 and 9 are overruled and the witness is required to answer questions Nos. 2 and 6 and comply with Nos. 7 and 9.

The defendant's knowledge of the financial condition of said Baylor during its years of dealing with him is material, as showing its interest in the making of the contract in question, on which this suit is based, and the objections to questions Nos. 3, 10, 11, 14, 16, 17, 18 and 25 are overruled and they must be answered.

The amount of the past-due indebtedness of said Baylor to the defendant on August 1st, 1940, and the amounts received from said Baylor applicable to his loan or loans is material in plaintiff's attempt to show the real motive of the defendant in entering into the contract in question on which this suit is based.

The objections to questions Nos. 20 and 21 are overruled and they must be answered.

Plaintiff has the right to show, if that be the fact, that defendant in entering into the contract, on which this suit is based, did so, not as a volunteer and without any consideration, but as a real party protecting its own interest, and for a consideration.

The objections to questions Nos. 41, 42, 43, 44 and 45 are overruled and must be answered.

As to questions Nos. 36 and 37 no construction of the letters is asked, what is asked is merely whether the designated letters are answers to certain other designated letters.

The objections to those questions are overruled and the questions should be answered, unless the witness is unable to answer them, in which event he should so state.

In view of the conditions prevailing, it seems to me that if Baylor discussed his bankruptcy with the witness on or about October 18th, 1940, it is quite material.

The objection to question No. 38 is overruled and it should be answered.

The objections to questions 22, 23 and 24, that they have already been answered are sustained, as those objections are supported by the stenographer's minutes.

The objection to question 29 requires no consideration, as defendant has consented to the inspection of the correspondence.

In so far as question No. 30 relates to correspondence between the defendant and the Hudson Contracting Company, the objection is overruled, but if the first letter produced was not one of such letters, there is no reason for marking it.

For the reasons I have hereinbefore stated in overruling objections to questions it is clear to me that Exhibits 3, 4 and 5 are material, and that plaintiff is entitled to an examination thereof.

The objections to discovery thereof are overruled.

This court is doubtful of its power to order the examination to be continued in the rooms of the Supreme Court, State of New York, at Jamaica, Long Island, without some showing that it will be permitted there, as it must be assumed that the rooms of that court are required for its use.

This court also desires suggestions as to the date for holding such examination, and if consent can not be obtained for holding the examination in said rooms of the said Supreme Court, suggestions as to another place.

Compliance with these requests of the court should be in writing and submitted without argument on the settlement of the order to be entered hereon.

Settle order on notice.