# CLARK et al. v. CHASE NAT. BANK OF CITY OF NEW YORK.

District Court, S. D. New York.

July 8, 1941.

Laughlin, Gerard, Halpin & Graham, Donald I. Peyser, and Abraham L. Pomerantz, all of New York City, for plaintiffs.

Milbank, Tweed & Hope, of New York City (A. Donald MacKinnon, Carleton H. Endemann, and Einar B. Paust, all of New York City, of counsel), for defendant.

CONGER, District Judge.

These are motions by plaintiffs (1) for discovery and inspection of documents under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; (2) for the continuance of the examination of certain officers of defendant; and by defendant (3) to terminate said examination. Rule 30, F.R.C.P.

■ It should be noted generally that documents should be designated specifically in the notice of motion. One of the purposes of the examination of a party (or witness) under Rule 26, F.R.C.P., is to ascertain the existence of specific documents which are then secured by motion under Rule 34. It is not necessary for the documents to contain evidence—as defendant here contends—as the plaintiffs cannot definitely meet the requirement to show that the documents do contain evidence. It is only necessary to show that they may contain evidence. See Beler v. Savarona Ship Corp., D.C., 26 F.Supp. 599; Mackerer v. New York Central R. Co., D.C., 1 F.R.D. 408; Moore's Fed.Prac. § 34.04.

Items 5, 9, 10 and 11 of plaintiffs' notice have been given by the defendant, so that I need not consider these.

Items 1, 2 and 3 are denied because the notice does not sufficiently designate the documents sought, although from the supporting affidavit of plaintiffs' attorneys, many of the documents are designated, and their necessity and materiality is set out. From this it would appear that plaintiffs are entitled to some documents, but this Court cannot determine which ones. Under such a general statement as in this notice of motion, a party should not be allowed to demand all documents. The notice should set out which certain, definite documents are sought.

■ Item 4 is also denied because the notice is too general. A previous order denied the plaintiff the right to examine into the value of these shares, except as to "Book Value." Here, it would appear, the plaintiff is trying to secure the market value from the defendant, which has previously been denied.

Item 6 is also denied because the notice is too general. There is a supplemental affidavit from plaintiffs' attorney, showing that such a loan was made. However, a

later letter from the Bolivian Minister to the United States, and an affidavit of defendant's counsel, deny the existence of this loan, saying that it was made to the Banco Central de Bolivia, and not to the Republic of Bolivia. The relationship between the Republic of Bolivia and the Banco Central de Bolivia does not appear too clearly, except that there was a private (called reservado [Spanish]—secret) arrangement between the two that the government could have use of the proceeds of the loan. It may be material to the instant suit, but such materiality is not set out in the papers.

Item 7 has no bearing on the trust agreement in suit. However, plaintiffs ask, in lieu of this document, that defendant, by Armstrong and Geiger, submit to an examination in order for them to show the relevancy of this loan to the trust agreement in suit. I think they should be allowed to do this, as it may be relevant to the actions of defendant as trustee (see item 16 infra).

Item 8 likewise has no bearing on the trust agreement in suit. However, plaintiffs should be able to examine defendant on this matter (see item 16 infra), as under paragraph 39 of the complaint, the Pation mines, and any loan in connection therewith, may be relevant. If, after an examination on matters in items 7 and 8, the plaintiffs can show any materiality as to documents, they can renew these items, with sufficient designation.

Item 12 is granted as to the cablegrams designated in the notice, but not as to the copy of the law of the Republic of Bolivia dated on or about December 31, 1923.

Item 13 is denied. I do not see how this is relevant, or that it contains evidence. In any event it appears to be an opinion of a person (Sr. Edmundo Vasquez) who is not a party hereto, except as a member of the Permanent Fiscal Commission, which is referred to in the Trust Contract. His actions might be important, but his views on economic problems do not seem material or relevant to this suit.

Item 14 is denied. Although the documents appear sufficiently designated in the notice, there is no way of telling whether this is a law, or only a bill which was introduced in Congress. Its materiality is not shown.

Plaintiffs' second motion to continue the examination of certain officers of defendant is granted, but limited upon said examination to the papers and documents I have directed defendant to produce, and to the remaining items (infra) in plaintiffs' notice.

Item 15 is granted.

Item 16 is granted. In view of the liberal interpretation the courts have given to examinations under Rule 26, I think these questions should be allowed. They might have a relevancy or materiality to this controversy, even though it may never be used in evidence. The plaintiffs may ascertain where evidence is by an examination, but not necessarily to secure evidence directly. See Stevenson v. Melady, D.C., 1 F.R.D. 329; Lewis v. United Air Lines Trans. Corp., D.C., 27 F.Supp. 946. The Chandler loan and the Pation loan may be relevant, and the plaintiffs should be allowed to examine defendant on its activity in connection therewith.

Defendant's motion to terminate the examination of defendant, under Rule 30, F.R.C.P., is denied, as there are no facts shown this Court that the examination is annoying, embarrassing or oppressing the defendant.

Settle orders on notice.