GRINNELL CO., Inc., v. NATIONAL BANK OF FAR ROCKAWAY.

Civ. No. 1770.

District Court, E. D. New York.

Sept. 16, 1941.

Benjamin P. DeWitt, of New York City (Sidney Pepper, of New York City, of counsel), for plaintiff.

Carl E. Peterson, of Far Rockaway, L. I., N. Y., for defendant.

MOSCOWITZ, District Judge.

This is a motion for the following relief: "for an order (1) compelling J. Edward Lynch, the witness herein who was examined on deposition by oral examination at the office of defendant in Far Rockaway, New York, on July 24, August 7 and August 14, 1941, respectively, to answer the questions propounded to him by counsel for the plaintiff as set forth in the affidavit of Sidney Pepper, sworn to August 26, 1941, annexed hereto and made a part hereof, and (2) compelling the defendant to produce and permit the inspection and copying or photographing by or on behalf of plaintiff, of records and letters as set forth in the said affidavit of Sidney Pepper annexed hereto, which are in defendant's possession, custody and control".

The decision of Judge Campbell in Grinnell Co., Inc., v. National Bank of Far Rockaway, D.C., 1 F.R.D. 767, made on June 30, 1941, is the law of the case. The examination will therefore proceed. Such an examination is proper where the testimony is relevant and will not be terminated unless there is bad faith, annoyance, embarrassment, oppression or the like. See Laverett v. Continental Briar Pipe Co., Inc., D.C., 25 F.Supp. 80.

This Court in the case of Mackerer v. New York Central Railroad Company, D.C., 1 F.R.D. 408, 409, had occasion to point out that under Rule 26(b) and Rule 34, 28 U.S.C.A. following section 723 c, it is not necessary to establish admissibility of the testimony or document. It was there stated, "It is sufficient that the inquiry be made as to matters generally bearing on the issue and relevant thereto or that there is reasonable probability that the document in question contains material evidence."

The Court should not require the examining party to establish the absolute relevancy of the testimony. If in all probability it is relevant, such examination should be permitted. Ofttimes prior to a trial the Court may be inclined to decide that the testimony is irrelevant, however upon the trial where all the issues

are before it the Court might rule otherwise. It is far better where there is any doubt to permit the examination to proceed, no harm can be done. The Court at the trial can properly protect the interest of both parties by adequate rulings as to the relevancy of the testimony offered.

Motion granted. Settle order on notice.