## MOORE v. GEORGE A. HORMEL & CO. et al.

District Court, S. D. New York.

April 17, 1942.

J. Arthur Adler, of New York City, for plaintiff.

Breed, Abbott & Morgan, of New York City, for defendants.

RIFKIND, District Judge.

Plaintiff seeks an order, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, vacating defendants' notice of examination, or in the alternative, requiring the depositions of the named witnesses to be taken only on written interrogatories and vacating the notice with respect to the examination of unidentified witnesses.

The complaint contains two counts. One is for damages by reason of the alleged unauthorized use by defendants of plaintiff's name, "Dinty Moore", for advertising and trade purposes in connection with the manufacture and sale of canned food products under the trade name "Dinty Moore" in violation of plaintiff's rights under Sections 50 and 51 of the Civil Rights Law of New York, 8 McKinney's Consolidated Laws of New York, c. 6, §§ 50, 51. The second count is for fraud and unfair competition by reason of the alleged appropriation and use by defendants of plaintiff's name in connection with defendants' business.

It is alleged that plaintiff is a famous restaurateur who has built up a nation-wide name and reputation over more than thirty years; that defendant George A. Hormel & Company, defendant, caused Dinty Moore Products Company to be incorporated in 1936, in order to appropriate and hold plaintiff's name and to enrich itself by the use of said name and good will of the plaintiff, for advertising and trade purposes; that defendants manufacture and market various food articles under the plaintiff's name which are inferior to plaintiff's products and which mislead the public to plaintiff's detriment.

Defendants deny most of the allegations of the complaint and set up by way of a separate defense that "Dinty Moore" has long been used as the name of a fictitious character in cartoons and comic strips, that the name has been adopted and used as the designation of a great many taverns and public eating places in the United States which are under different proprietorships and that it has no significance as an identification or designation of plaintiff's business or place of business in particular.

Defendants have served a notice to take the depositions, by oral examination, of eight named witnesses residing in East Providence, R. I., Boston, Mass., Albany, N. Y., Binghamton, N. Y., Buffalo, N. Y. and St. Louis, Mo.

Plaintiff challenges the relevance of their testimony and offers its irrelevance as a ground for the granting of its motion. Defendants have indicated that the general subject matter of the depositions will be in support of the separate defense above described.

This testimony appears to have a bearing on the issues; and that is sufficient to entitle the defendants to take it by deposition. It is not necessary to establish that the testimony will be admissible at the trial. Grinnell Co., Inc., v. National Bank of Far Rockaway, D.C.E.D.N.Y. 1941, 2 F.R.D. 116.

"It is sufficient that the inquiry be made as to matters generally bearing on the issue and relevant thereto or that there is reasonable probability that the document in question contains material evidence". Mackerer v. New York Central R. Co., D.C.E.D.N.Y.1940, 1 F.R.D. 408.

The second ground of plaintiff's motion is that the notice subjects it to undue hardship arising out of the necessity to travel to the several distant cities in order to cross-examine the witnesses. It suggests that the witnesses be examined by means of written interrogatories. The notice of examination bears internal evidence that the defendants intend to conduct very brief examinations. Written interrogatories would clearly answer the purpose and would save plaintiff very substantial travelling expenses. For good cause shown the court has power to require that a deposition be taken by written interrogatories instead of by oral examination. Rule 30(b), Federal Rules of Civil Procedure.

Upon the argument of this motion Civil Rule 12 of the Rules of the District Court of the Southern District of New York were cited to counsel by the court. That rule provides in part as follows:

"In the case of a proposed deposition upon oral examination at a place more than 150 miles from the court-house, including the case of a deposition before action or pending appeal, the court may provide in the order therefor, or impose as a condition of denying a motion to vacate a notice thereof, that the applicant shall pay the expense of the attendance of one attorney for the adversary party or parties, or expected party or parties, at the place where the deposition is to be taken, including a reasonable counsel fee, which amounts shall be paid prior to such exam-

ination. The amount paid by such applicant to his adversary on account of attorney's fees and ·expenses shall be a taxable disbursement in the event that the applicant recovers costs of the action".

Pursuant to this rule, plaintiff indicated its willingness to have the depositions taken by oral examination provided defendants paid the travelling expenses of plaintiff's attorney and a reasonable attorney's fee. Defendants challenged the validity of the rule, contending that it was inconsistent with the Federal Rules of Civil Procedure.

Rule 30(b) authorizes the court to make any order "which justice requires to protect the party or witness from annoyance, embarrassment, or oppression". Acting under this general authority, at least one district court, without the benefit of local rule, imposed upon the moving party the burden of defraying its adversary's expenses and a reasonable attorney's fee. Clair v. Philadelphia Storage Battery Co., D.C.E.D.Pa. 1939, 27 F.Supp. 777.

The courts of New York, applying the provisions of Section 294 of the New York Civil Practice Act, which is not dissimilar from Rule 30(b), have had no difficulty in doing likewise. Nettleton Co. v. Story, 1923, 121 Misc. 258, 201 N.Y.S. 11; Drake v. Line-A-Time Mfg. Co., Inc., 1929, 226 App.Div. 717, 233 N.Y.S. 481.

A rule similar to Civil Rule 12 is in effect in the Eastern, Middle and Western Districts of North Carolina and the Eastern District of New York. The courts have enforced the rule. Fairwater Transportation Co., Inc., v. Chris-Craft Corp., D.C. S.D.N.Y.1940, 1 F.R.D. 509; Houghton Mifflin Co. v. Stackpole Sons, Inc., D.C. S.D.N.Y.1940, 1 F.R.D. 506.

Before the promulgation of the Federal Rules of Civil Procedure the district courts had rule making power derived from 28 U.S.C.A. § 731. They were free to make rules of procedure to the extent that the statutes did not provide the procedure to be followed, provided the rules did not restrict or enlarge jurisdiction or change statutory or substantive law. Woodbury v. Andrew Jergens Co., 2 Cir., 1932, 61 F.2d 736, certiorari denied 289 U.S. 740, 53 S.Ct. 659, 77 L.Ed. 1487.

Rule 83, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has continued the rule making power. It provides: "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. * * * In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules".

Civil Rule 12 of the Southern District of New York is not inconsistent with Rule 30(b) nor does it restrict or enlarge jurisdiction. It does not change any substantive or statutory law. It supplements the general language of Rule 30(b) by a specific suggestion. It is permissive. It is designed to prevent annoyance, embarrassment and oppression. It meets all the tests of validity.

Defendant's notice of examination contains a paragraph wherein it is stated that "at the times and places aforestated the depositions of other witnesses whose names are unknown to defendants may be taken". The rule is well settled that a notice to take a deposition must name the persons to be examined or designate them by description sufficient to identify them. Rule 30(a). Burris v. American Chicle Co., D.C.E.D.N.Y.1939, 1 F.R.D. 9; Orange County Theatres, Inc., v Levy, D.C.S.D.N.Y.1938, 26 F.Supp. 416.

Accordingly, plaintiff's motion to vacate defendants' notice of examination with respect to the unnamed witnesses is granted. Plaintiff's motion to vacate defendants' notice as to named witnesses is denied on condition (1) that defendants proceed by written interrogatories, serving a copy of their proposed interrogatories sufficiently in advance upon plaintiff to enable it to prepare cross-interrogatories; or (2) that defendants pay plaintiff, prior to the taking of the depositions, the expense of the attendance of one attorney at the places where the depositions are to be taken including a reasonable attorney's fee, the amount of such expenses and fee to be settled in the order to be submitted.

Settle order on notice.