## UNITED STATES v. NORTH COAST TRANSP. CO.

District Court, W. D. Washington.

June 27, 1947.

See also D.C. 7 F.R.D. 491.

John F. Sonnett, Asst. Atty. Gen., William C. Dixon, Sp. Asst. to the Atty. Gen., and George E. Heidlebaugh, of Seattle, Wash., Lawrence W. Somerville, of San Francisco, Cal., and Aute L. Carr and Paul A. Goodin, Sp. Attys. both of Washington, D. C., for plaintiff.

Holman & Sprague, Wendell W. Black and Wayne Murray, all of Seattle, Wash., for defendants.

FOLEY, District Judge.

The complaint in this case charges that the defendants have violated Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C. A. §§ 1, 2.

■ Plaintiff moves for production of documents under Rule 34, Rules of Civil

Procedure, 28 U.S.C.A. following section 723c, and defendants oppose the same upon several grounds, among them being that the motion is premature because made before answer and issue joined. In Employers' Mut. Liability Ins. Co. v. Blue Line Transfer Co., D.C., 2 F.R.D. 121, 124, the court stated: "The plaintiff, however, in an elaborate brief seeks to overcome the plain, clear and unmistakable language of the rule by citing and quoting from a formidable array of authorities. These have been carefully examined. Conceivably a case might arise where discovery might be ordered before issue joined as indicated in Moore's Federal Practice, Volume 2, p. 2637, and according to an excerpt quoted by counsel. Such is not the case at bar."

On page 2637, Volume 2 of Moore's Federal Practice, the authors go on to say: "Although the scope of the discovery which the court may order under Rule 34 is virtually as broad as the discovery which a party may obtain as of right under Rule 26(b), there is not the same reason for imposing a time limitation for proceeding under Rule 34, such as until after an answer has been served, since an order of the court must be obtained in the first instance. Thus, either party may make a motion under Rule 34 giving due notice to all other parties, at any time after jurisdiction has been obtained over the defendant or over property which is the subject of the action. On the hearing of the motion the court will determine whether or not good cause has been shown for inspection before an answer has been served, or whether inspection should be deferred until after an answer has been served."

I am of the opinion that this is a case where production of documents may be ordered before issue joined.

Defendants next contend that the documents sought do not constitute or contain evidence material to any matter involved in the action. Judge Moscowitz in Beler v. Savarona Ship Corporation, D.C., 26 F. Supp. 599, disposed of a similar contention. If defendants have in their possession or under their control documents which constitute or contain evidence material or relevant to the allegations of the Complaint herein, such documents should be produced. I find that it is reasonably probable that the documents hereinafter designated or referred to constitute or contain material evidence which is reasonably probable [Sic].

In a case of this nature the rule stated in E. W. Bliss Co. v. Cold Metal Process Co., D.C., 1 F.R.D. 193, 195, should be applied. There the court said: "It seems to this court that the documents requested are described with sufficient particularity to meet the requirements of Rule 34. If they could be described in all detail, no order for production at this time would be necessary; their contents would be known and they could be brought to the trial by subpoena. The motion asks only for such letters and documents as relate to the defense and the participation of the plaintiff in the defense of the former suits filed by this defendant, and such letters and documents as relate to the institution and sharing of the expense of this suit. The plaintiff should have very little difficulty in determining what is covered by the order."

A motion similar to the one here was considered by Judge Rifkind in his opinion of November 7, 1946, in United States v. United States Alkali Export Association Inc. D.C., 7 F.R.D. 256.

The documents which plaintiff desires defendants to produce are set forth in Paragraphs numbered I to VII inclusive of plaintiff's Motion for production of Documents.

As to the matters set forth in Paragraph I of the Motion, the defendants will be required to produce and permit the inspection and copying of the following documents and things, or copies thereof where the originals are not available, in the possession, custody or control of defendants, or either of them, namely: Records, documents, agreements, contracts, options, cancelled checks, letters, correspondence, communications, memoranda, reports and inter-office communications concerning or relating to the consolidation, acquisition or disposition by the defendants or by the subsidiaries, parents or affiliated companies, predecessors or agents, associates or part-

ners of defendants, of cars, buses, terminals, offices, trade names, businesses, permits, franchises, licenses, and other assets and stock of companies owning or possessing the same, of persons engaged in or holding the rights to engage in the transportation of persons and their baggage for hire between Vancouver, B. C., Portland, Oregon, and Los Angeles, California, or any part of the route thereof since January 1, 1921.

As to the matters set forth in Paragraph II of the Motion, the defendants will be required to produce and permit the inspection and copying of the following documents and things, or copies thereof where the originals are not available, in the possession, custody or control of defendants, or either of them, namely: Records, documents, agreements, contracts, options, cancelled checks, letters, correspondence, communications, memoranda, reports and inter-office communications concerning or relating to the discontinuance of the operation and the nature or effect of the competition, of persons engaged in or holding the rights to engage in the transportation of persons and their baggage for hire between Vancouver, B. C., Portland, Oregon, and Los Angeles, California, or any part of the route thereof since January 1, 1921.

As to the matters set forth in Paragraph III of the Motion, the defendants will be required to produce and permit the inspection and copying of the following documents and things, or copies thereof where the originals are not available, in the possession, custody or control of defendants, or either of them, namely: Records, documents, agreements, contracts, options, letters, correspondence, communications, memoranda, reports and inter-office communications concerning or relating to the discussion of, negotiation, effectuation, execution or carrying out of arrangements for the use by persons engaged in the transportation of passengers and their baggage for hire, other than defendants, of stations, terminals, depots owned, leased, or controlled by defendants, their subsidiaries, parents, affiliated companies, and their predecessors, agents, associates, partners, or owned, leased, or controlled by persons in

which defendants have an interest, made or operative at any time since January 1, 1939.

As to the matters set forth in Paragraph IV of the Motion, the defendants will be required to produce and permit the inspection and copying of the following documents and things, or copies thereof where the originals are not available, in the possession, custody or control of defendants, or either of them, namely: Records, documents, agreements, contracts, options, letters, correspondence, communications, memoranda, reports and inter-office communications concerning or relating to feeder lines (as defined in the Complaint herein) using defendants' depots, terminals, and stations, to the exclusion of any other depot, terminal, or station in the same town, community, or city, made or operative at any time since January 1, 1939.

As to the matters set forth in Paragraph V of the Motion, the defendants will be required to produce and permit the inspection and copying of the following documents and things, or copies thereof where the originals are not available, in the possession, custody or control of defendants, or either of them, namely: Records, documents, agreements, contracts, options, letters, correspondence, communications, memoranda, reports and inter-office communications concerning or relating to feeder lines (as defined in the Complaint herein) selling tickets exclusively for defendants or either of their bus lines and their connections, to the exclusion of selling tickets on bus lines competitive with defendants' bus lines or their connections, made or operative at any time since January 1, 1939.

As to the matters set forth in Paragraph VI of the Motion, the defendants will be required to produce and permit the inspection and copying of the following documents and things, or copies thereof where the originals are not available, in the possession, custody or control of defendants, or either of them, namely: Records, documents, agreements, contracts, options, letters, correspondence, communications, memoranda, reports and inter-office communications concerning or relating to the

granting to defendants the exclusive right to sell tickets on feeder lines (as defined in the Complaint herein) and relating to the excluding of persons competitive with defendants or their connections from selling said tickets, made or operative at any time since January 1, 1939.

As to the matters set forth in Paragraph VII of the Motion, the defendants will be required to produce and permit the inspection and copying of the following documents and things, or copies thereof where the originals are not available, in the possession, custody or control of defendants, or either of them, namely: Records, account books, documents, agreements, contracts, notes, mortgages, cancelled checks, letters, correspondence, communications, memoranda, reports and inter-office communications concerning or relating to loans or advances of money, credit or property made, negotiated or arranged in whole or in part by the defendants, their parents, subsidiaries, affiliates, predecessors or associates, to any feeder line (as defined in the Complaint herein) or any other bus line operating between Vancouver, B. C., and Portland, Oregon, or any part of the route thereof, since January 1, 1921.

As used hereinabove the word "person" shall include any individual, partnership, corporation, trust, joint adventure, or other legal entity or legal person.

It is therefore ordered that the defendants and each of them produce and permit the inspection and copying of each of the hereinabove referred to and designated documents and things in the offices, or other convenient place, of the defendants, or either of them, if agreeable to defendants; otherwise, in the offices of the Department of Justice, Anti-Trust Division, in the United States Court Building, Seattle, Washington, commencing on the 22nd day of July, 1947, and continuing thereafter with reasonable dispatch until completed.

Plaintiff's Motion for Production of Documents under Rule 34 is granted to the extent above set forth and indicated and is denied in all other respects without prejudice.