**KNITTING MACHINES CORPORATION et al. v. HAYWARD HOSIERY CO.**

Civ. A. No. 7258.

United States District Court
D. Massachusetts.

Dec. 20, 1949.

Maxwell Fish, Fish, Richardson & Neave, Boston, Mass., for plaintiff.

Nathan Heard and Heard, Smith & Tennant, Boston, Mass., Walter A. Darby, Louis D. Fletcher, New York City, for defendant.

McCARTHY, District Judge.

These are motions in a case involving alleged patent infringement. Issue has been joined. At this juncture the defendant moves to amend its answer by setting up a defense which it claims is provided by 35 U.S.C.A. § 111, reading as follows:

"§ 111. Patent infringement claims of enemy countries or their nationals—

"No claims for patent infringement shall be made or action brought by or on behalf of or for the benefit of any country or a national of any country against which the United States has declared the existence of a state of war, in respect to any manufacture, use, or sale since September 8, 1939. Aug. 8, 1946, c. 910 § 11, 60 Stat. 944."

Defendant also moves under Rule 34, Federal Rules of Civil Procedure, 28 U.S. C.A.—, to be allowed to inspect and copy certain minutes of meetings of the Board of Directors of the plaintiff Kalio, Inc., in an effort to discover material relevant to the question of whether the plaintiff Kalio, Inc., is a national of an enemy designated country. The documents are designated and it appears that their production by the plaintiff, if so ordered, will occasion no hardship or inconvenience.

Both motions are vigorously opposed on the ground that Section 111 of Title 35 presents no defense to this action. In support of this contention the plaintiff Kalio, Inc., has filed certain affidavits tending to show that the Alien Property Custodian acting under the authority of the Trading with The Enemy Act, as amended, 50 U.S. C.A.Appendix, § 1 et seq., and Executive Order No. 9095, as amended, 50 U.S.C.A. Appendix, § 6 note, and Alien Property Custodian Vesting Orders 2079, and 6128, has vested in himself all the issues of outstanding capital stock of the plaintiff Kalio, Inc., and that since April 1, 1946 the Alien Property Custodian or the Attorney General as his successor has been and now is the sole owner of said stock.

 After careful consideration of the matter I have determined that both motions should be allowed. I recognize— and the plaintiff has forewarned me—that eventually a motion to strike the amended portion of the answer will be forthcoming. The plaintiff urges a determination of the legal sufficiency of the amended answer at this time. While time economy is desirable in every case I prefer to allow the defendant leave to attempt to procure whatever evidence it can to strengthen its position at the trial and I have no desire to thwart a party litigant in setting up in good faith an additional defense. If the added defense should prove to be insufficient in law, then the plaintiff has lost nothing since it is admitted that the production of the documents will entail no hardship and the defendant cannot complain that it has not had a full opportunity to present its case.

It is, therefore, ordered that the plaintiff Kalio, Inc., make available for inspection at its office at 120 Broadway, New York, by defendant's counsel, the minutes of the meetings of the Board of Directors of Kalio, Inc., from the date of incorporation of Kalio, Inc., to the date of filing of the complaint herein, and it is ordered that the plaintiff Kalio, Inc., permit defendant's counsel to make copies of such portions of the aforesaid minutes as in his opinion are material to the issues in this case; time for inspection and copying to be arranged by the parties.

Defendant's motion to amend its answer by the addition thereto of proposed clause "Twenty-Nine (29)" is allowed, subject to the right of the plaintiff, Kalio, Inc., to move to strike said clause after inspection and copying of the minutes has been completed.