## BUNCH et al. v. GENERAL MOTORS CORPORATION.

No. 1293.

United States District Court
E. D. Tennessee, S. D.

Jan. 10, 1950.

Charles A. Noone, Chattanooga, Tenn., for plaintiffs.

Whitaker, Hall & Haynes, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

The plaintiffs and the defendant have motions seeking the production of documents under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. The defendant seeks the production of the following:

1. The original records of plaintiffs' orders for new and used cars during the years 1945 to 1947, both inclusive.

2. The original invoices or other original records of plaintiffs' sales of new and used cars during the period from 1945 to 1947, both inclusive.

3. Plaintiffs' original ledger sheets or other original records of account showing the prices at which new and used cars were sold by plaintiffs during the period of 1945 to 1947, both inclusive, and showing the prices at which used cars were received as trade-ins.

The defendant claims that it is important for it to have for examination the plaintiffs' orders, original invoices or other original records of sales, ledger sheets or other original records of account showing the prices at which used as well as new cars were sold by the plaintiffs during the period from 1945 to 1947 and showing the prices at which used cars were received as trade-ins in order that it may have available as evidence the facts which these transactions would reflect as to the plaintiffs' obligation to protect the good name and good will of the defendant as he agreed to do in a selling agreement which is the basis of the plaintiffs' action; and that an examination of such documents is necessary in order to enable the defendant properly to present its defense.

The plaintiffs object to the granting of such an order on the grounds that the defendant does not show good cause for requesting the exercise of Rule 34; that the documents are not properly "designated"; and also that the defendant already has in its hands, or within its reach, the information requested.

The plaintiffs indicate a willingness to provide the requested documents with respect to the sale of new cars; but insist that no proper showing is made for the production of such records as to the sale of used cars. The only question, therefore, seems to involve used car sales.

The plaintiffs insist that by virtue of the "Ten Day Report" which the plaintiffs were required to make to the Buick Company at ten day periods, together with other reports they were required to make, the defendant received information as to the sales and sales prices which were involved in the sale of its cars; and furthermore that the orders for new cars which were submitted to the defendant specified whether there was a used car trade-in, and if so, the model, type, make, and otherwise, of the used car, which should afford the defendant any information needed by it for the purposes for which it now seeks the records.

By the terms of section 2(b) of the selling agreement, exhibit "A" to the complaint, it is provided as follows:

"B.   Ten Day Report

In order to permit Seller to keep its purchases of raw materials and the production and distribution of Buick motor vehicles and chassis in line with retail sales, Dealer will furnish Seller, every ten (10) days, with a report known as the 'Ten-Day Report' on standard forms supplied by Seller. Such report shall show retail sales of both new and used cars made during said period, new and used car stocks, and unfilled orders on hand at the end of said period."

It will be seen that the sales agreement thus provides that the Ten Day Report shall show retail sales, stocks and unfilled orders on hand "of both new and used cars". It is thus apparent that it was considered important that the plaintiffs make a report covering their used cars, though the occasion for such report was not anticipated to be the same as the reason for requesting the records at this time. The part of the contract providing for a report of "retail sales of * * * used cars" contemplates a report of the sales price.

■ Inasmuch, however, as the plaintiffs obligated themselves to furnish to the defendant such records with respect to used cars, the Court considers that there will be no hardship or impropriety in requiring the plaintiffs to provide these documents at this time. As the plaintiffs do not claim that they have already filed such records covering all of their sales of used cars during the period involved, it is assumed that they did not do so.

The Court is of the opinion, therefore, that under the issues made in the pleadings the defendant is entitled, under Rule 34 of the Federal Rules of Civil Procedure, to examine and, if desired, to copy the records and documents described in the motion, and that the justification therefor and the description of the records or documents are sufficient.

■ Motions which call for "categories" as distinguished from a designation of each specific document are sufficient. Hawaiian Airlines, Ltd. v. Trans-Pacific Airlines, etc., D.C., 8 F.R.D. 449; U. S. v. North Coast Transp. Co., D.C., 8 F.R.D. 62.

■ The spirit of the Federal Rules requires discovery before trial whenever possible and liberal construction; and it is sufficient if parties seeking inspection establish that it is reasonably probable that they constitute or contain material evidence. June v. George C. Peterson Co., 7 Cir., 155 F.2d 963, 964; U. S. v. National City Bank, D.C., 40 F.Supp. 99; Quemos Theater Co. v. Warner Bros. Pictures, Inc., D.C., 35 F. Supp. 949; Beler v. Savarona Ship Corp., D.C., 26 F.Supp. 599.

■ Under the Federal Rules of Civil Procedure production of documents for inspection may not be refused because the documents relate to matters already made known in a bill of particulars. Bruun v. Hanson, D.C., 30 F.Supp. 603. See also U. S. v. National City Bank, supra.

For the reasons heretofore generally stated the plaintiffs' motion for the production of documents for inspection, copy or photographing is well within the tenor of the Federal Rules of Civil Procedure.

Therefore, both the motions made by the plaintiffs and the motion made by the defendant are granted.

Order accordingly.