UNITED STATES v. WEINBLATT et al.

United States District Court,
S. D. New York.
March 15, 1951.

George G. Allen, Chief, Newark Litigation Section, Office of Housing Expediter, Newark, N. J., for plaintiff.

Dreyer & Traub, Brooklyn, Sylvan D. Freeman, Brooklyn, N. Y., of counsel, for defendants.

S. H. KAUFMAN, District Judge.

This is a motion by defendants pursuant to Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. for an order requiring plaintiff to produce and permit the inspection and copying of documents.

The complaint alleges, in substance, that in renting certain premises defendants, in violation of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881, et seq., and the Rent Regulations issued thereunder, have demanded and received more than the maximum rental permitted by law. The action is for an injunction, treble damages and restitution. Defendants have answered by denying that there was a violation of the law and by interposing seven separate defenses, which, in substance, assert that the rent collected was within the legal maximum, that the order setting a lower rental than that collected was illegal and that any violation of that order was not willful.

No objection is made that the documents sought to be inspected and copied are not relevant to the defenses alleged in the answer. The government does contend, however, that these defenses are insufficient in law and that therefore the motion should be denied. If the government wishes to test the sufficiency of the defenses, it should do so under the appropriate rule. United States v. National City Bank of New York, D.C.S.D.N.Y.1941, 40 F.Supp. 99. In the absence of any showing that the production of the documents will work a hardship on the government, and there is no allegation that it would, there is no need to pass on the sufficiency of the defenses when raised in this manner. Knitting Machine Corp. v. Hayward Hosiery Co., D.C.Mass.1949, 9 F.R.D. 706; 4 Moore, Federal Practice 2460 (2d Ed. 1950).

The government states that some of the documents designated in the motion have been turned over to the State of New York pursuant to Section 203(b) of the Housing and Rent Act of 1947, as amended in 1949, 50 U.S.C.A.Appendix, § 1893(b). It contends that it should not be required to produce these documents because they are no longer within the "possession, custody, or control" of a party to this action, which is one of the requirements under Rule 34. However, the same section of the amended Act provides that records which are transferred to any state or local agency shall be "subject to recall for use in carrying out the purposes of this title." Since the government under this section of the Act has the legal right to acquire immediate possession of the records, they must be considered to be in the government's "control" as that word is used in Rule 34. See United Mercantile Agencies v. Silver Fleet Motor Express, D.C.W.D.Ky.1941, 1 F.R.D. 709, 712; Reeves v. Pennsylvania R. Co., D.C. Del.1948, 80 F.Supp. 107, 109. Hickman v. Taylor, 1947, 329 U.S. 495, 504–505, 67 S.Ct. 385, 91 L.Ed. 451, is distinguishable on its facts, for there was not the slightest evidence that the parties in that case had any right to possession of their attorney's documents. See 4 Moore, Federal Practice 2471, note 7 (2d Ed. 1950).

This motion will not be denied because the government alleges that "some" of the documents, without specifying which ones, are confidential. If any specific documents are privileged, the government can apply to the court to vacate the order as to them.

This action was filed on December 8, 1949. Issue was joined on February 14, 1950 and the case has been called for trial some time this month. Defendants' motion was brought on for hearing on February 27, 1951. In view of defendants' delay in moving for the production of the documents, the order shall provide that they will not move to adjourn the trial for any

reason connected with the production and inspection of the documents specified in the moving papers.

Motion granted. Settle order on notice.